FILED

2019 Jun-07  PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL L. WEATHERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | **3:16-cv-00284-MHH** |
| **VOLUNTEERS OF AMERICA,** | ) | |
| **NORTH ALABAMA, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION FOR *IN CAMERA* REVIEW OF DEFENDANTS' PRIVILEGED DOCUMENTS

COMES NOW, Plaintiff, Michael Weathers, by and through his attorney, and respectfully moves this Honorable Court to conduct an *in camera* review of documents Defendants[1] have refused to produce to Plaintiff. *In camera* review by the Court is necessary to determine if the emails claimed to be privileged, actually request or transmit legal advice and are, therefore, protected by the attorney-client privilege. *In camera* review is also necessary to determine if the crime-fraud exception to the attorney-client privilege applies to emails between Defendants and their counsel.

---

[1] "Defendants" includes Volunteers of America North Alabama, Inc., Volunteers of America, Southeast, Inc., and individual Defendants O'Neal, Davis, Ferguson, Bartlett, and Johnson. Defendant Nichols will be referenced by her name, "Nichols."

1

## I.    *Facts Relevant to the Discovery Dispute:*

Plaintiff Michael Weathers represented Cassandra Nichols in a race discrimination suit against Volunteers of America ("VOA") in 2013. A jury trial was set to begin on March 3, 2014. On February 19, 2014, Defendant Kimberly O'Neal went to Nichols' home and offered Nichols a $10,000 settlement on behalf of VOA. O'Neal told Nichols that if Nichols accepted the offer, no lawyers would be involved in the transaction and Nichols would not have to pay her attorney, Michael Weathers, for his services rendered on Nichols' behalf. The following day, on February 20, 2014, O'Neal met Nichols at Wells Fargo, gave her a cashier's check for $10,000, and required her to sign a release of all future claims against VOA.

On February 19th and 20th, Defendants and their legal counsel (David Block and Christopher Kuffner, of the law firm Maynard, Cooper, and Gale, P.C.) exchanged numerous emails referencing Nichols, the settlement she accepted and the release of claims she signed.  Over the next two weeks, Defendants and their counsel continued to email on this subject; at least sixteen emails were exchanged between February 19, 2014 and February 28, 2014 referencing Nichols, the settlement, and the release of claims she signed. **(See Exhibit 1) (See Exhibit 2)**.

Over the next year, Defendants and their counsel continued to email referencing Nichols, the settlement, and the release of claims she signed. Defendants sent emails regarding Nichols to their counsel in April 2015, over one year after

Nichols signed the settlement agreement.

Plaintiff filed the present action on February 18, 2016, alleging, among other things, retaliation, interference with contractual or business relations, conspiracy, and the unauthorized practice of law. In Plaintiff's First Request for Production of Documents, sent on May 19, 2017, Plaintiff requested all emails related to the preparation of the release signed by Defendant Nichols, all emails related to the release after it was signed by Nichols, all copies and drafts of the release, and all emails between Defendants and any third party regarding Nichols.

Defendants objected to these requests, claiming that the emails and documents requested were protected by attorney-client privilege or the work product doctrine. Defendants produced some emails responsive to Plaintiff's discovery requests, but withheld others, claiming the emails were privileged because they were attorney-client communications and/or attorney work product.

After Defendants refused to produce these documents to Plaintiff in discovery, Plaintiff noticed the depositions of Chris Kuffner and David Block and requested Kuffner and Block to bring copies of all correspondence referencing Nichols with them to their depositions. Kuffner and Block objected and refused to sit for these depositions or produce the requested documents. Defendants O'Neal, Ferguson, Davis, Bartlett, and Johnson were deposed between April 29, 2019 and May 2, 2019. Defendants clarified in their depositions that they were the drafters of the release of

3

claims signed by Nichols, not their attorneys. Plaintiff requested documents from each deponent; however, VOA objected and no documents were produced.

In a third attempt to discover the documents and emails referencing Nichols, Plaintiff served duly executed subpoenas on Chris Kuffner, David Block, and Maynard, Cooper, and Gale, P.C. on May 21, 2019. **(See Exhibit 3)**. These subpoenas reiterated Plaintiff's request for all documents referencing Nichols, her settlement and her release of claims. However, Defendants objected to these subpoenas, again claiming attorney-client privilege and protection under the work product doctrine. **(See Exhibit 4)**. Plaintiff has exhausted all available methods of discovering these allegedly protected documents by requesting the documents in his Request for Production, requesting the documents in *duces tecum* deposition notices, and serving subpoenas requesting the documents.

Defendants produced a privilege log[2], identifying the emails with their counsel regarding Nichols, the release she signed, and the payment she received that were not produced to Plaintiff and withheld on the assertation of privilege. **(See Exhibit 1)**.

Defendants' privilege log is inadequate and provides no factual basis to

---

[2] Defendants produced a Privilege Log on July 10, 2017. The privilege log listed fifty-nine (59) emails for which Defendants claimed Attorney-Client privilege. However, the log did not describe the content of the emails or denote the authors or recipients of the emails. Plaintiff's counsel objected to this privilege log with a letter sent on July 14, 2017. On July 18, 2017, Defendants produced an Amended Privilege Log identifying the content, authors, and recipients of the e-mails.

support the conclusion that the communications sought legal advice. Plaintiff respectfully moves this Court to conduct an *in camera* review of the emails Defendants claim are privileged to determine the applicability of attorney-client privilege to the emails listed in the privilege log and to determine whether the crime-fraud exception override the privilege.

## II.   In Camera *Review is Required to Determine if Emails Withheld by Defendants are Requesting or Transmitting Legal Advice and Protected by Attorney-Client Privilege.*

Defendants claim that emails to and from their counsel are exempt from discovery because they are privileged attorney-client communications. "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purposes of securing legal advice." *In re Grand Jury Proceedings 88-9,* 899 F.2d 1039, 1042 (11th Cir. 1990). The protection of the privilege only applies where: (1) the holder of the privilege is a client; (2) the person to whom the communication was made is a member of a bar of a court; (3) the communication relates to a fact of which the attorney was informed by his client (a) without the presence of strangers (b) for the purpose of securing primarily either an opinion of law, legal services, or assistance in a legal proceeding and (c) not for the purpose of committing a crime of tort. *In re Grand Jury Proceedings 89-10,* 938 F.2d 1578, 1581 (11th Cir. 1991).

The party invoking the privilege bears the burden of proving that an attorney-

client relationship existed and that a confidential communication was made to or from an attorney who had been retained for the purpose of securing legal advice or assistance. *United States v. Schaltenbrand,* 930 F.2d 1554, 1562 (11th Cir. 1991). To determine if a particular communication is confidential and protected by the attorney-client privilege, the privilege holder must prove the communication was (1) intended to remain confidential and (2) under the circumstances was reasonably expected and understood to be confidential. *United States v. Bell,* 776 F.2d 965, 971 (11th Cir. 1985).

Because Defendants are the privilege holders, they bear the burden of proving that the subject emails were requesting legal advice. Defendants have not met their burden to prove they were requesting and receiving legal advice in the allegedly privileged communications.

### A.   *Emailing an Attorney is not Enough to Establish Attorney-Client Privilege.*

Neither the existence of an attorney-client relationship nor the mere exchange of information with an attorney make out a presumptive claim for attorney-client privilege. *In re Vioxx Products Liab. Litig.,* 501 F. Supp. 2d 789, 799 (E.D. La. 2007). Because the attorney-client privilege "serves to obscure the truth . . . it should be construed as narrowly as possible as it is consistent with its purpose." *United States v. Suarez,* 820 F.2d 1158, 1160 (11th Cir. 1987).

The attorney-client privilege is only designed to protect communications seeking and rendering legal services. *In re Vioxx,* 501 F. Supp. 2d at 798. A communication is not privileged simply because a company lawyer is copied on the email. *U.S. v. Davita*, 301 F.R.D. 676, 681-682 (N.D. GA 2014). Defendants must show, irrespective of whether one or more lawyers sent or received the communication, that the communication was confidential and the primary purpose of the communication was to relay, request, or transmit legal advice. *Id.* at 682. The "ultimate touchstone for application of the privilege" is whether the communication revealed advice from an attorney or a request for advice from an attorney. *U.S. v. Davita*, 301 F.R.D. 676, 681-682 (N.D. GA 2014).

Defendants have not met their burden to prove that the emails they claim are privileged were for the purpose of securing legal advice. Simply sending emails to an attorney is not enough to encase a communication in privilege. For the emails on Defendants' privilege log to be exempt from discovery, they must be requesting or transmitting legal advice from an attorney. Because Defendants have not met their burden to prove the emails to and from counsel are requesting legal advice, *in camera* review is required to determine if the emails were requesting or transmitting legal advice.

For example, the emails sent in January and April 2015 which reference "Nichols" were sent almost one year after Nichols signed her release and one year

before Plaintiff filed the current action. There is no evidence that these emails, referencing an event which occurred one year earlier, are requesting or relaying legal advice. Emails which are not for the purpose of requesting or relaying legal advice will not be protected by attorney-client privilege. See *In re Blue Cross Blue Shield Antitrust Litigation*, 2017 WL 9807442 at *3 (N.D. Ala. Aug. 31, 2017) (holding that communication between an attorney and his clients was not privileged because it did not contain legal advice and was shared with third parties). Because Defendants have not met their burden to prove that these allegedly privileged emails are covered by attorney-client privilege, *in camera* review is necessary to determine if these communications were for the purpose of securing legal advice.

**B.    *Requesting Review and Editing by an Attorney is not Enough to Encase a Draft or Document in Privilege.***

A communication is not privileged simply because a company lawyer is copied on the email. *U.S. v. Davita*, 301 F.R.D. 676, 681-682 (N.D. GA 2014). Drafts of documents edited by attorneys are not privileged if they do not convey legal advice. When an attorney drafts and edits documents that are distributed to third parties, there is no expectation of confidentiality in the communication from the client to the attorney where the client relays information to be included in the document. *In re Grand Jury Subpoena*, 831 F.2d 225, 228 (11th Cir. 1987). The release of claims Nichols signed was filed with the Court and became public record.

Clearly, this document was distributed to third parties; therefore, Defendants have no expectation of privilege in their communications with their attorneys regarding this draft.

Because lawyers' practice in a "word crafting" profession, they are often excellent writers and editors. When reviewing drafts of documents sent to them by corporate clients, lawyers not only help avoid legal problems, but they offer business, marketing, technical, and public relations advice, correct grammatical errors, and propose alternative language. However, an attorney's edits and suggestions will not encase a document in privilege unless the attorney is providing legal advice. *Vioxx*, 501 F.Supp.2d at 798.

There is no doubt that the attorneys at Maynard, Cooper, & Gale, and Wilmer & Lee, qualify as "some of the most intelligent and informed people within" VOA. *Id.* Therefore, they likely receive numerous drafts of various documents to review and edit. However, unless they are providing legal advice, these documents will not be protected by attorney-client privilege. Defendants drafted the release of claims that Nichols signed and sent the draft to their attorneys for review. **(See Exhibit 2)**. These communications will not be privileged unless their attorneys were providing legal advice; merely reviewing or providing non-legal edits will not encase the communications in privilege. *In camera* review is required to determine

if the communications between Defendants and their counsel were seeking legal advice.

### C.   *Defendants Vague and Inadequate Privilege Log Does Not Establish That Their Communications Were Seeking Legal Advice.*

A privilege log is not evidence of the existence of privilege. The withholding party must provide enough information about the basis of the claim of privilege to enable the other party to assess the claim. Fed. R. Civ. P. 26(b)(5)(A)(ii). If a claim of privilege is challenged in any way, including by way of *in camera* review, the party asserting the privilege is obligated to establish the factual perquisite for the claim of privilege by competent evidence. *Davita*, 301 F.R.D. at 683.

Defendants' privilege log does not establish by competent evidence that the allegedly privileged documents were requesting legal advice. The privilege log merely lists subject lines such as "referencing correspondence," "referencing C. Kuffner," or "referencing communication" from an attorney. For the attorney-client privilege to be applied, a communication must request or reveal advice from an attorney. There is no evidence that the allegedly privileged emails referencing "correspondence" from an attorney request or relay legal advice.

One of the allegedly privileged emails is sent to Ferguson from Ferguson, while another is sent to Rucker from Rucker. These emails clearly do not request or relay legal advice. Because of Defendants' inadequate privilege log, *in camera* review is required to determine if the emails sent between Defendants and their

counsel, and in some cases, emails sent from a person to themselves, are requesting legal advice and therefore protected from discovery by attorney-client privilege.

### D. *Documents Drafted by Clients are not Protected by the Work Product Doctrine.*

Federal Rule of Civil Procedure 26(b)(3) outlines the work product doctrine, stating that a party may not discover documents that are prepared in anticipation of litigation by another party. The work-product doctrine recognizes a privilege for materials prepared by an attorney acting for their client in anticipation of litigation. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947); *United States v. Nobles*, 422 U.S. 225, 236-38 (1975). However, materials prepared by clients are not protected by the work product doctrine. *United States v. Jimenez*, 265 F.Supp.3d 1348, 1354 (S.D. Ala. 2017); *United States v. Mayer,* 679 Fed.Appx. 895, 898-900 (11th Cir. 2017) (citing *United States v. Davis*, 636 F.2d 1028, 1039-40 (5th Cir. 1981). "At its core [the work product doctrine] shelters the mental processes of an attorney." *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1192 (11th Cir. 2013) (citing *Nobles,* 422 U.S. at 227).

Defendants claims many of the emails listed on their privilege log are undiscoverable by Plaintiff because of the attorney work product doctrine. However, the release of claims signed by Nichols was drafted by Defendants, not by their legal

counsel.[3] Documents drafted by clients are not exempt from discovery under the work product doctrine. *Jimenez*, 265 F.Supp.3d at 1354. The purpose of the work product doctrine is to protect the mental processes of an attorney. *Hinchee*, 741 F.3d at 1192.

The release of claims was drafted and given to Nichols in an attempt by Defendants to keep attorneys out of the settlement process.[4] *In camera* review is required to determine if the emails referencing Nichols contain the mental processes of an attorney and are therefore exempt from discovery under the work product doctrine, or if the emails were an attempt to funnel non-privileged information through an attorney to encase it in privilege. *Baklid*, 2012 WL 5415108 at *3 (quoting *In re Vioxx Prods. Liab. Litig.*, 501 F.Supp.2d 789, 797 (E.D. La. 2007)).

## III.   In Camera *Review is Necessary to Determine the Applicability of the Crime-Fraud Exception.*

Defendants claim emails to and from their counsel at the time they negotiated a settlement offer with Nichols outside the presence of her attorney are protected by attorney-client privilege. Attorney-client privilege does not protect communications made in furtherance of a crime or fraud. *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1226 (11th Cir. 1987). The purpose of the crime-fraud exception to

---

[3] "[Deanna Ferguson] did the draft." (Deposition of Wallace Davis, Page 262). "I just Googled it, and there was releases online." (Deposition of Deanna Ferguson, Page 131).
[4] "If we could keep attorneys out, if would cost - cost us less." (Deposition of Deanna Ferguson Page 259).

the attorney-client privilege is to assure that secrecy between lawyers and clients does not extend to communications "made for the purpose of getting advice for the commission of a fraud or a crime." *United States v. Zolin*, 491 U.S. 554, 572 (1989) (internal quotation marks omitted).

Attorney-client privilege will not protect the emails sent between Defendants and their counsel if Defendants were using their attorney's legal services for the commission of a fraud or a crime. When Defendants negotiated a settlement with Nichols outside the presence of her attorney, they intentionally interfered with the contractual relationship between Weathers and Nichols. Defendants knew that Nichols had selected Weathers as her exclusive representative with regard to her dispute with VOA, and had represented Nichols for approximately six (6) years, yet they urged her to breach this contract with Weathers. Defendant O'Neal made false representations about the validity and enforceability of the contract between Nichols and Weathers, about Weathers legal abilities and how he represented other clients against VOA, although she is not an attorney licensed to practice law.

Courts have applied the crime-fraud exception to any substantial abuse of the attorney-client privilege, including using an attorney's services to remove a competitor from the market, *Specialty Minerals, Inc. v. Pleuss-Stauffer AG*, 2004 WL 42280, at *5 (S.D. N.Y 2004), or to inflict intention emotional distress. *Diamond v. Stratton*, 95 F.R.D. 503, 505 (S.D.N.Y. 1982). Like in *Specialty Minerals, Inc. v.*

*Pleuss-Stauffer*, and *Diamond v. Stratton*, Defendants worked to remove Weathers from the legal market by stripping him of his income, attorney's fees, and to inflict professional, emotional, and reputational damage. Weathers and his clients, former employees of VOA, were suing Defendants, alleging race discrimination in their employment. By settling with their employees, Weathers' clients, outside his presence, Defendants worked to remove Weathers from the legal market by preventing him from receiving any attorney's fees and income. *In camera* review is necessary to determine if Defendants used their attorney's services in furtherance of their tortious goals.

A two-part test governs the applicability of the crime fraud exception. *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1416 (11th Cir. 1994). First, there must be a showing that the client was engaged in criminal or fraudulent conduct when they sought the advice of counsel, that they were planning such conduct when they sought the advice of counsel, or that they committed a crime or fraud subsequent to receiving the benefit of counsel's advice. *Id.* Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it. *Id. In camera* review is necessary to determine if the crime-fraud exception to attorney-client privilege is applicable.

*Zolin* clarified that a court may engage in *in camera* review to determine the applicability of the crime-fraud exception. *United States v. Zolin*, 491 U.S. 554, 572

(1989). The judge should require a showing of facts adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claims that the crime-fraud exception applies. *Id*. Once that showing is made, the decision whether to engage in *in camera* review is discretionary. *Id*. The court should consider the volume of materials to review, the relative importance of the alleged privileged information, and the likelihood that the evidence produced through *in camera* review will establish the applicability of the crime-fraud exception. *Id*.

An *in camera* review of Defendants' allegedly privileged documents is required to determine the applicability of the crime-fraud exception. Defendants identify sixteen (16) allegedly privileged emails in their privilege log sent to, and referencing communication with, their attorneys the day of and the days after Defendants negotiated a settlement offer to Nichols outside the presence of her attorney. By definition, communications covered by attorney-client privilege are for the purpose of securing an opinion of law, legal services, or assistance in a legal proceeding. *In re Grand Jury Proceedings 89-10,* 938 F.2d 1578, 1581 (11th Cir. 1991). By asserting attorney-client privilege for these emails, Defendants imply that the emails were sent to their counsel to secure a legal opinion, but deny that lawyers were involved in the decision to negotiate a settlement with Nichols.

However, attorney-client privilege will not apply if the emails were sent for

the purpose of getting advice for the commission of a crime or fraud. *Zolin,* 491 U.S. at 572. Defendants sent multiple emails to their counsel and emails amongst themselves referencing their counsel on the day they negotiated a settlement offer with Nichols outside the presence of their counsel. Because these emails were not produced to Plaintiff and were withheld on the assertion of privilege, Plaintiff cannot determine if Defendants' counsel rendered them legal advice before they contacted Nichols. Plaintiff cannot discern if the crime-fraud exception to the attorney-client privilege is applicable without an *in camera* review of these documents by the court.

When considering if *in camera* review is appropriate, the court should consider the volume of materials to review, the relative importance of the alleged privileged information, and the likelihood that the evidence will establish the applicability of the crime-fraud exception. *Zolin,* at 572. This court should conduct *in camera* review because the volume of materials to review is minimal; Defendant claims attorney-client privilege for a total of fifty-nine (59) emails. Further, the content of these emails is extremely important to Plaintiff's claims that Defendants engaged in a conspiracy and interfered with a contractual relationship. *In camera* review of the allegedly privileged emails is necessary and appropriate because the number of emails for review is minimal, yet the importance of the privileged information and the likelihood that the email content will establish the crime-fraud

exception to the attorney-client privilege is overwhelming.

WHEREFORE, Plaintiff moves this Honorable Court to require the Defendants to produce these documents or require that the documents be produced for *in camera* review by the Court. If deemed not privileged, Plaintiff moves this Honorable Court to Order the Defendant to produce the unredacted original documents to Plaintiff.

Respectfully submitted,

*/s/ Alicia K. Haynes*
Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**
HAYNES & HAYNES, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35209
Telephone: (205) 879-0377
Facsimile: (205) 879-3572
E-mail: akhaynes@haynes-haynes.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of June, 2019, a copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system which serves notice on the following counsel of record.

Richard J.R. Raleigh, Jr.
Christopher L. Lockwood
WILMER & LEE, P.A.
100 Washington Street, Suite 100
Post Office Box 2168
Huntsville, Alabama 35804-2168
rraleigh@wilmerlee.com
clockwood@wilmerlee.com

Farah Majid
Legal Services Alabama
115-F Church St.
Huntsville, AL 35801
(256) 536-9645
fmajid@alsp.org

/s/ Alicia K. Haynes
OF COUNSEL

# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL L. WEATHERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  3:16-cv-284** |
| | ) | |
| **VOLUNTEERS OF AMERICA,** | ) | |
| **NORTH ALABAMA, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' AMENDED PRIVILEGE LOG

COME NOW Defendants, and pursuant to Rule 26(b)(5)(A) of the *Federal Rules of Civil Procedure*, submit the following amended privilege log:

| Date | Nature of the Document | Privilege Asserted |
|---|---|---|
| April 29, 2010 | Mediation Position Statement from C. Kuffner to F. Singer | Confidential Mediation Communication; Attorney Work Product |
| February 19, 2014 | E-mail from W. Davis to D. Ferguson & T. Bartlett referencing C. Kuffner. | Attorney-Client |
| February 19, 2014 | E-mail from W. Davis to D. Block & C. Kuffner regarding Nichols release and referencing other employees. | Attorney-Client |
| February 20, 2014 | E-mail from D. Block to W. Davis and C. Kuffner regarding Nichols release | Attorney-Client & work product |
| February 20, 2014 | E-mail from W. Davis to T. Bartlett, D. Ferguson, & R. Rogers referencing communication with counsel. | Attorney-Client & work product |

| | | |
|---|---|---|
| February 20, 2014 | E-mail from D. Ferguson to W. Davis referencing discussion with counsel. | Attorney-Client |
| February 18, 2014 | E-mail chain between D. Block, C. Kuffner, W. Davis, and D. Ferguson referencing litigation matters. | Attorney-Client & work product |
| February 19, 2014 | E-mail from D. Ferguson to W. Davis, T. Bartlett, and D. Block referencing litigation matters. | Attorney-Client |
| February 26, 2014 | E-mail from D. Ferguson to C. Kuffner & D. Block regarding payment to Nichols. | Attorney-Client & work product |
| February 27, 2014 | E-mail from C. Kuffner to W. Davis and D. Block referencing correspondence from M. Weathers. | Attorney-Client |
| February 27, 2014 | E-mail from W. Davis to D. Ferguson and T. Bartlett referencing email from C. Kuffner | Attorney-Client & work product |
| February 27, 2014 | E-mail from D. Ferguson to K. ONeal referencing email from C. Kuffner | Attorney-Client & work product |
| February 28, 2014 | E-mail from  C. Kuffner to W. Davis and D. Block referencing Motion by M. Weathers | Attorney-Client & work product |
| February 28, 2014 | E-mail from W. Davis to T. Bartlett & D. Ferguson referencing correspondence from C. Kuffner re: Weathers' Motion | Attorney-Client & work product |
| February 28, 2014 | E-mail from C. Kuffner to W. Davis & D. Block regarding Nichols' statement | Attorney-Client & work product |
| February 28, 2014 | E-mail from W. Davis to T. Bartlett & D. Ferguson | Attorney-Client & work product |

| | referencing correspondence from C. Kuffner re: Nichols' statement | |
|---|---|---|
| March 1, 2014 | E-mail from D. Ferguson to K. ONeal referencing correspondence from C. Kuffner re: Nichols' statement | Attorney-Client |
| March 1, 2014 | E-mail from W. Davis to C. Kuffner re: Weathers' Motion | Attorney-Client |
| March 1, 2014 | E-mail from C. Kuffner to W. Davis re: Weathers' Motion | Attorney-Client & work product |
| March 2, 2014 | E-mail from W. Davis to C. Kuffner re: Weathers' Motion | Attorney-Client |
| March 2, 2014 | E-mail from C. Kuffner to W. Davis re: Weathers' Motion | Attorney-Client & work product |
| March 2, 2014 | E-mail from W. Davis to T. Bartlett & D. Ferguson referencing correspondence with C. Kuffner re: Weathers' motion | Attorney-Client & work product |
| March 3, 2014 | E-mail from D. Ferguson to W. Davis referencing correspondence with C. Kuffner re: Weathers' motion | Attorney-Client & work product |
| March 3, 2014 | E-mail from C. Kuffner to W. Davis and D. Block re: Nichols Order | Attorney-Client & work product |
| March 3, 2014 | E-mail from W. Davis to D. Ferguson referencing correspondence from C. Kuffner re: Nichols Order | Attorney-Client |
| March 4, 2014 | E-mail from D. Ferguson to W. Davis referencing correspondence from C. Kuffner re: Nichols Order | Attorney-Client |
| January 6, 2015 | E-mail from K. Kelley Rucker to D. Ferguson referencing Nichols | Attorney-Client & work product |

| January 6, 2015 | E-mail from D. Ferguson to K. Kelley Rucker in response to correspondence from K. Kelley Rucker | Attorney-Client & work product |
|---|---|---|
| January 6, 2015 | E-mail from K. Kelley Rucker to D. Ferguson referencing Nichols | Attorney-Client & work product |
| January 6, 2015 | E-mail from D. Ferguson to K. Kelley Rucker in response to correspondence from K. Kelley Rucker | Attorney-Client & work product |
| January 6, 2015 | E-mail from K. Kelley Rucker to D. Ferguson re: Nichols | Attorney-Client & work product |
| January 6, 2015 | E-mail chain between D. Ferguson & W. Johnson referencing correspondence from K. Kelley Rucker (4 messages) | Attorney-Client |
| January 7, 2015 | E-mail from D. Ferguson to K. Kelley Rucker re: Nichols | Attorney-Client & work product |
| January 7, 2015 | E-mail from D. Ferguson to K. Kelley Rucker re: Nichols | Attorney-Client |
| January 7, 2015 | E-mail from D. Ferguson to W. Johnson referencing correspondence from K. Kelley Rucker | Attorney-Client |
| April 9, 2015 | E-mail from K. ONeal to K. Kelley Rucker re: Nichols settlement agreement | Attorney-Client |
| April 9, 2015 | E-mail from D. Ferguson to W. Davis & T. Bartlett re: correspondence with K. Kelley Rucker referencing Nichols settlement agreement | Attorney-Client |
| April 9, 2015 | E-mail from K. ONeal to K. Kelley Rucker re: Nichols release | Attorney-Client |
| April 9, 2015 | E-mail from D. Ferguson to W. Davis & T. Bartlett re: | Attorney-Client |

| | correspondence with K. Kelley Rucker referencing Nichols release | |
|---|---|---|
| February 19, 2016 | E-mail from R. Raleigh to W. Davis re: Weathers lawsuit | Attorney-Client & work product |
| February 19, 2016 | E-mail from W. Davis to R. Raleigh re: Weathers lawsuit | Attorney-Client & work product |
| February 19, 2016 | E-mail from R. Raleigh to W. Davis re: Weathers lawsuit | Attorney-Client & work product |
| February 19, 2016 | E-mail from D. Ferguson to R. Raleigh, W. Davis, D. Rowe, & K. Rucker re: Weathers lawsuit | Attorney-Client & work product |
| March 8, 2016 | E-mail from D. Ferguson to K. Kelley Rucker re: Weathers/Nichols litigation | Attorney-Client & work product |
| March 8, 2016 | E-mail from K. Kelley Rucker to D. Ferguson re: Weathers/Nichols litigation | Attorney-Client & work product |
| March 8, 2016 | E-mail from D. Ferguson to K. Kelley Rucker re: Weathers/Nichols litigation | Attorney-Client & work product |
| March 8, 2016 | E-mail from K. Kelley Rucker to D. Ferguson re: Weathers/Nichols litigation | Attorney-Client & work product |
| March 8, 2016 | E-mail from D. Ferguson to K. Kelley Rucker re: Weathers/Nichols litigation | Attorney-Client & work product |
| March 8, 2016 | E-mail from K. Kelley Rucker to D. Ferguson re: Weathers/Nichols litigation | Attorney-Client & work product |
| March 8, 2016 | E-mail from D. Ferguson to W. Davis, T. Bartlett, & R. Rogers re: correspondence from K. Kelley Rucker re: Weathers/Nichols litigation | Attorney-Client & work product |
| March 31, 2016 | E-mail from R. Raleigh to D. Rowe, W. Davis, & K. Kelley | Attorney-Client & work product |

| | Rucker re: Weathers/Nichols litigation | |
|---|---|---|
| March 31, 2016 | E-mail from W. Davis to R. Raleigh, D. Rowe, & K. Kelley Rucker re: Weathers/Nichols litigation | Attorney-Client |
| March 31, 2016 | E-mail from R. Raleigh to W. Davis, D. Rowe, & K. Kelley Rucker re: Weathers/Nichols litigation | Attorney-Client & work product |
| March 31, 2016 | E-mail from W. Davis to R. Raleigh, D. Rowe, & K. Kelley Rucker re: Weathers/Nichols litigation | Attorney-Client |
| March 31, 2016 | E-mail from D. Ferguson to R. Raleigh re: Weathers/Nichols litigation | Attorney-Client |
| March 31, 2016 | E-mail from R. Raleigh to D. Ferguson re: Weathers/Nichols litigation | Attorney-Client & work product |
| March 31, 2016 | E-mail from D. Ferguson to W. Davis referencing correspondence from R. Raleigh re: Weathers/Nichols litigation | Attorney-Client |
| March 31, 2016 | E-mail from R. Raleigh to W. Davis, D. Ferguson, D. Rowe, & K. Kelley Rucker re: Weathers/Nichols litigation | Attorney-Client & work product |
| March 31, 2016 | E-mail from D. Ferguson to R. Raleigh, W. Davis, D. Rowe, & K. Kelley Rucker re: Weathers/Nichols litigation | Attorney-Client |
| April 18, 2016 | E-mail from W. Davis to R. Raleigh, K. Kelley Rucker, D. Ferguson, and T. Bartlett re: Weathers/Nichols litigation | Attorney-Client |

| April 18, 2016 | E-mail from R. Raleigh to W. Davis re: Weathers/Nichols litigation | Attorney-Client & work product |
| April 18, 2016 | E-mail from K. Kelley Rucker to R. Raleigh and W. Davis re: Weathers/Nichols litigation | Attorney-Client & work product |
| April 18, 2016 | E-mail from W. Davis to R. Raleigh & K. Kelley Rucker re: Weathers/Nichols litigation | Attorney-Client |
| April 18, 2016 | E-mail from K. Kelley Rucker to W. Davis & D. Ferguson re: Weathers/Nichols litigation | Attorney-Client & work product |
| April 18, 2016 | E-mail from D. Ferguson to K. Kelley Rucker re: Weathers/Nichols litigation | Attorney-Client |
| April 19, 2016 | E-mail from D. Ferguson to D. Ferguson re: legal counsel in Weathers/Nichols litigation | Attorney-Client |
| April 19, 2016 | E-mail D. Ferguson to W. Davis re: legal counsel in Weathers/Nichols litigation | Attorney-Client & work product |
| April 19, 2016 | E-mail from W. Davis to H. Levens & D. Ferguson re: legal counsel in Weathers/Nichols litigation | Attorney-Client & work product |
| April 19, 2016 | E-mail from H. Levens to R. Bentley & J. Purdum re: legal counsel in Weathers/Nichols litigation | Attorney-Client & work product |
| April 20, 2016 | E-mail from K. Kelley Rucker to D. Ferguson re: Weathers/Nichols litigation | Attorney-Client & work product |
| April 20, 2016 | E-mail from D. Ferguson to K. Rucker re: Weathers/Nichols litigation | Attorney-Client & work product |
| April 20, 2016 | E-mail from D. Ferguson to K. Rucker and W. Davis re: Weathers/Nichols litigation | Attorney-Client |

| April 20, 2016 | E-mail from R. Bentley to H. Levens re: legal counsel in Weathers/Nichols litigation | Attorney-Client & work product |
|---|---|---|
| April 20, 2016 | E-mail from H. Levens to W. Davis, R. Raleigh re: legal counsel in Weathers/Nichols litigation | Attorney-Client |
| April 20, 2016 | E-mail from D. Ferguson to W. Davis re: legal counsel in Weathers/Nichols litigation | Attorney-Client |
| June 20, 2016 | E-mail from R. Raleigh to D. Ferguson re: Weathers/Nichols litigation | Attorney-Client & work product |
| June 20, 2016 | E-mail from D. Ferguson to C. Fulford & W. Davis referencing correspondence from R. Raleigh re: Weathers/Nichols litigation | Attorney-Client & work product |
| June 20, 2016 | E-mail from R. Raleigh to D. Ferguson, W. Davis, C. Lockwood & K. Kelley Rucker re: Weathers/Nichols litigation | Attorney-Client & work product |
| June 20, 2016 | E-mail from D. Ferguson to T. Bartlett & R. Rogers referencing correspondence from R. Raleigh re: Weathers/Nichols litigation | Attorney-Client & work product |
| June 20, 2016 | E-mail D. Ferguson to R. Raleigh re: Weathers/Nichols litigation | Attorney-Client |
| June 20, 2016 | E-mail from R. Raleigh to D. Ferguson & C. Lockwood re: Weathers/Nichols litigation | Attorney-Client & work product |
| June 20, 2016 | E-mail from R. Raleigh to D. Ferguson re: Weathers/Nichols litigation | Attorney-Client & work product |
| June 20, 2016 | E-mail from D. Ferguson to C. Fulford & W. Davis | Attorney-Client & work product |

|  | referencing e-mail from R. Raleigh re: Weathers/Nichols litigation |  |
|---|---|---|
| June 20, 2016 | E-mail from R. Raleigh to D. Ferguson & C. Lockwood re: Weathers/Nichols litigation | Attorney-Client & work product |
| June 24, 2016 | E-mail from C. Fulford to D. Ferguson & W. Davis referencing e-mail from R. Raleigh re: Weathers/Nichols litigation | Attorney-Client & work product |
| June 24, 2016 | E-mail from D. Ferguson to R. Raleigh, K. Kelley Rucker & C. Fulford re: Weathers/Nichols litigation | Attorney-Client |
| November 1, 2016 | E-mail from R. Raleigh to R. Bentley, D. Rowe, C. Lockwood, W. Davis, D. Ferguson & V. Simmons (Wilmer & Lee employee) re: Weathers/Nichols litigation | Attorney-Client & work product |
| May 4, 2017 | E-mail from R. Raleigh to D. Ferguson and W. Davis re: Weathers/Nichols litigation | Attorney-Client & work product |
| May 4, 2017 | E-mail from D. Ferguson to R. Raleigh re: Weathers/Nichols litigation | Attorney-Client & work product |
| June 5, 2017 | E-mail from D. Ferguson to C. Fulford referencing e-mail from R. Raleigh re: Weathers/Nichols litigation | Attorney-Client & work product |
| June 5, 2017 | E-mail from D. Ferguson to C. Fulford referencing correspondence from R. Raleigh re: Weathers/Nichols litigation | Attorney-Client & work product |
| June 6, 2017 | E-mail chain between D. Ferguson and C. Fulford referencing correspondence | Attorney-Client |

| | from R. Raleigh re: Weathers/Nichols litigation (2 messages) | |
|---|---|---|

Respectfully submitted this 18th day of July, 2017.

Richard J.R. Raleigh, Jr.
*One of the Attorneys for Defendants*
WILMER & LEE, P.A.
100 Washington Street, Suite 100
Huntsville, Alabama  35801
256-533-0202 Telephone
256-533-0302 Facsimile
rraleigh@wilmerlee.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent electronically (by email) to counsel listed below.  Further, it was served on counsel listed below by U.S. Mail, postage prepaid and properly addressed to:

Alicia K. Haynes, Esq.
Kenneth D. Haynes, Esq.
Charles E. Guerrier, Esq.
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
akhaynes@haynes-haynes.com
ceguerrier@haynes-haynes.com
kdhaynes@haynes-haynes.com

Farah Majid, Esq.
Legal Services Alabama - Huntsville Office
1115-F Church St.
Huntsville, AL 35801
fmajid@alsp.org

This 18th day of July, 2017.

_____
Of Counsel

# Exhibit 2

| | |
|---|---|
| **From:** | DeAnna Ferguson <deanna@voase.org> |
| **Sent:** | Wednesday, February 19, 2014 8:17 PM |
| **To:** | Wallace Davis |
| **Cc:** | Terry Bartlett |
| **Subject:** | Re: Nichols-Release Settlement Agreement |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Looks good to me.

DeAnna Ferguson
Vice President of Services
Volunteers of America Southeast

On Feb 19, 2014, at 8:01 PM, "Wallace Davis" <wdavis@voase.org> wrote:

> Please look over and see if we have left anything out.  I may send it on up to Chris while they wait on the ethics committee but will not until about 7 am.  Thus if you have any comments please let me know or change.  Thanks  Wallace
>
> <Nichols-Release Settlement Agreement.doc>

1

VOAWeathers 001162

# Exhibit 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Alabama

| | | |
|---|---|---|
| Michael L. Weathers | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:16-cv-00284-MHH |
| Volunteers of America, North Alabama, Inc., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      Chris Kuffner
655 Gallatin Street, Huntsville, AL 35801
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit "A."

| Place: Haynes & Haynes, P.C. | Date and Time: |
|---|---|
| 1600 Woodmere Drive | |
| Birmingham, AL 35226 | 14 days from receipt |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*          Plaintiff,
Michael L. Weathers _____, who issues or requests this subpoena, are:
Alicia K. Haynes, Esq., 1600 Woodmere Drive, Birmingham, AL 35226; akhaynes@haynes-haynes.com; (205) 879-0377

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:16-cv-00284-MHH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☒ I served the subpoena by delivering a copy to the named person as follows:   Certified Mail _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date:  5-21-2019 _____         _____
                                                                         *Server's signature*

                                                  Sarah A. Stephens, Paralegal _____
                                                                         *Printed name and title*


                                        Haynes & Haynes, P.C. 1600 Woodmere Dr Birmingham, AL  35226
                                                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

1. All communications to and from the Alabama State Bar referencing Mike Weathers, Cassandra Renee Nichols, Alicia Haynes, Kenneth Haynes, and/or Charles Guerrier, including all opinions from the Alabama State Bar General Counsel's Office.

2. All drafts of the release to resolve the Cassandra Renee Nichols litigation provided to Wallace Davis and/or Barbara Davis, and/or Deanna Ferguson by Chriss Kuffner or David Block from January 1, 2014 to May 31, 2014.

3. All correspondence including emails referencing Cassandra Renee Nichols from January 1, 2014 to May 31, 2014.

4. All text messages referencing Cassandra Renee Nichols from January 1, 2014 to May 31, 2014.

5. All communications to and from Wilmer & Lee and/or any attorney at Wilmer & Lee referencing Cassandra Renee Nichols and/or Mike Weathers.

6. All billing records sent to Wallace Davis or any other person or entity associated with Volunteers of America, Southeast and/or Volunteers of America, North Alabama, Inc. for the months of January through May 2014.

7. All communications with Wallace Davis conveying the settlement offer of February 3, 2014 from Mike Weathers to resolve the Nichols case.

8. All communications wherein you placed your insurance carrier on notice of the claim brought by Mike Weathers.

9. All emails from Wallace Davis.

10. Emails from Wallace Davis and/or Deanna Ferguson forwarding the signed Nichols release to David Block and Chris Kuffner.

11. All copies and drafts that led to the release of claims signed by Cassandra Renee Nichols, including any and all attachments and metadata.

12.  All correspondence, electronic mail, text messages, documents and communications related to the preparation, drafting, editing and preservation of the release signed by Cassandra Renee Nichols (including all metadata).

13.  All correspondence, electronic mail, text messages, documents, and communications related to the signed release by Cassandra Renee Nichols (including the metadata of each document).

14.  All documents, materials, files, notes, emails and other communications (including, but not limited to documents making reference to any such communications, social media and metadata) between you and any third party regarding Cassandra Renee Nichols.

15.  All documents to and/or from Cassandra Renee Nichols or her attorney from July 1, 2013 to present, including, but not limited to settlement negotiations and/or communications regarding employment, compensation, Plaintiff Weathers, requests for references, unemployment, representation, insurance, and/or any other communication and the metadata of each document.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Alabama

| | |
|---|---|
| Michael L. Weathers | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:16-cv-00284-MHH |
| Volunteers of America, North Alabama, Inc., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          David Block
                            655 Gallatin Street, Huntsville, AL 35801
                            *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit "A."

| Place: Haynes & Haynes, P.C. | Date and Time: |
|---|---|
| 1600 Woodmere Drive | |
| Birmingham, AL 35226 | 14 days from receipt |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | *[signature]* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's Signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*          Plaintiff,
Michael L. Weathers                                          , who issues or requests this subpoena, are:
Alicia K. Haynes, Esq., 1600 Woodmere Drive, Birmingham, AL 35226; akhaynes@haynes-haynes.com; (205) 879-0377

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:16-cv-00284-MHH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows:    Certified Mail
_____

_____    on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date: 5-21-2019
_____        _____
                                 *Server's signature*

Sarah A. Stephens, Paralegal
_____
                    *Printed name and title*

Haynes & Haynes, P.C. 1600 Woodmere Dr Birmingham, AL 35226
_____
                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

1.    All communications to and from the Alabama State Bar referencing Mike Weathers, Cassandra Renee Nichols, Alicia Haynes, Kenneth Haynes, and/or Charles Guerrier, including all opinions from the Alabama State Bar General Counsel's Office.

2.    All drafts of the release to resolve the Cassandra Renee Nichols litigation provided to Wallace Davis and/or Barbara Davis, and/or Deanna Ferguson by Chriss Kuffner or David Block from January 1, 2014 to May 31, 2014.

3.    All correspondence including emails referencing Cassandra Renee Nichols from January 1, 2014 to May 31, 2014.

4.    All text messages referencing Cassandra Renee Nichols from January 1, 2014 to May 31, 2014.

5.    All communications to and from Wilmer & Lee and/or any attorney at Wilmer & Lee referencing Cassandra Renee Nichols and/or Mike Weathers.

6.    All billing records sent to Wallace Davis or any other person or entity associated with Volunteers of America, Southeast and/or Volunteers of America, North Alabama, Inc. for the months of January through May 2014.

7.    All communications with Wallace Davis conveying the settlement offer of February 3, 2014 from Mike Weathers to resolve the Nichols case.

8.    All communications wherein you placed your insurance carrier on notice of the claim brought by Mike Weathers.

9.    All emails from Wallace Davis.

10.    Emails from Wallace Davis and/or Deanna Ferguson forwarding the signed Nichols release to David Block and Chris Kuffner.

11.    All copies and drafts that led to the release of claims signed by Cassandra Renee Nichols, including any and all attachments and metadata.

12. All correspondence, electronic mail, text messages, documents and communications related to the preparation, drafting, editing and preservation of the release signed by Cassandra Renee Nichols (including all metadata).

13. All correspondence, electronic mail, text messages, documents, and communications related to the signed release by Cassandra Renee Nichols (including the metadata of each document).

14. All documents, materials, files, notes, emails and other communications (including, but not limited to documents making reference to any such communications, social media and metadata) between you and any third party regarding Cassandra Renee Nichols.

15. All documents to and/or from Cassandra Renee Nichols or her attorney from July 1, 2013 to present, including, but not limited to settlement negotiations and/or communications regarding employment, compensation, Plaintiff Weathers, requests for references, unemployment, representation, insurance, and/or any other communication and the metadata of each document.

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Alabama

| | |
|---|---|
| Michael L. Weathers | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:16-cv-00284-MHH |
| Volunteers of America, North Alabama, Inc., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Maynard, Cooper, & Gale, P.C. - c/o Jim G. McLaughlin
1901 Sixth Avenue N, Birmingham, AL 35203
*(Name of person to whom this subpoena is directed)*

    ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit "A."

| Place: Haynes & Haynes, P.C. | Date and Time: |
|---|---|
| 1600 Woodmere Drive | |
| Birmingham, AL 35226 | 14 days from receipt |

    ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | *[signature]* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Plaintiff, Michael L. Weathers _____ , who issues or requests this subpoena, are:

Alicia K. Haynes, Esq., 1600 Woodmere Drive, Birmingham, AL 35226; akhaynes@haynes-haynes.com; (205) 879-0377

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:16-cv-00284-MHH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows:  Certified Mail
_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: 5-21-2019
_____

_____
*Server's signature*

Sarah A. Stephens, Paralegal
_____
*Printed name and title*

Haynes & Haynes, P.C. 1600 Woodmere Dr Birmingham, AL 35226
_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

1.   All communications to and from the Alabama State Bar referencing Mike Weathers, Cassandra Renee Nichols, Alicia Haynes, Kenneth Haynes, and/or Charles Guerrier, including all opinions from the Alabama State Bar General Counsel's Office.

2.   All drafts of the release to resolve the Cassandra Renee Nichols litigation provided to Wallace Davis and/or Barbara Davis, and/or Deanna Ferguson by Chriss Kuffner or David Block from January 1, 2014 to May 31, 2014.

3.   All correspondence including emails referencing Cassandra Renee Nichols from January 1, 2014 to May 31, 2014.

4.   All text messages referencing Cassandra Renee Nichols from January 1, 2014 to May 31, 2014.

5.   All communications to and from Wilmer & Lee and/or any attorney at Wilmer & Lee referencing Cassandra Renee Nichols and/or Mike Weathers.

6.   All billing records sent to Wallace Davis or any other person or entity associated with Volunteers of America, Southeast and/or Volunteers of America, North Alabama, Inc. for the months of January through May 2014.

7.   All communications with Wallace Davis conveying the settlement offer of February 3, 2014 from Mike Weathers to resolve the Nichols case.

8.   All communications wherein you placed your insurance carrier on notice of the claim brought by Mike Weathers.

9.   All emails from Wallace Davis.

10.  Emails from Wallace Davis and/or Deanna Ferguson forwarding the signed Nichols release to David Block and Chris Kuffner.

11.  All copies and drafts that led to the release of claims signed by Cassandra Renee Nichols, including any and all attachments and metadata.

12. All correspondence, electronic mail, text messages, documents and communications related to the preparation, drafting, editing and preservation of the release signed by Cassandra Renee Nichols (including all metadata).

13. All correspondence, electronic mail, text messages, documents, and communications related to the signed release by Cassandra Renee Nichols (including the metadata of each document).

14. All documents, materials, files, notes, emails and other communications (including, but not limited to documents making reference to any such communications, social media and metadata) between you and any third party regarding Cassandra Renee Nichols.

15. All documents to and/or from Cassandra Renee Nichols or her attorney from July 1, 2013 to present, including, but not limited to settlement negotiations and/or communications regarding employment, compensation, Plaintiff Weathers, requests for references, unemployment, representation, insurance, and/or any other communication and the metadata of each document.

# Exhibit 4

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL L. WEATHERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | |
| | ) | **3:16-cv-00284-MHH** |
| **VOLUNTEERS OF AMERICA, NORTH** | ) | |
| **ALABAMA, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### CHRISTOPHER KUFFNER'S OBJECTIONS TO SUBPOENA

Non-Party Christopher Kuffner ("Kuffner") objects to Plaintiff Michael L. Weather's subpoena in accordance with Rule 45(d)(2)(B) of the *Federal Rules of Civil Procedure* as follows:

### OBJECTIONS TO THE DOCUMENT REQUESTS
### CONTAINED IN EXHIBIT A OF THE SUBPOENA

1. All communications to and from the Alabama State Bar referencing Mike Weathers, Cassandra Renee Nichols, Alicia Haynes, Kenneth Haynes, and/or Charles Guerrier, including all opinions from the Alabama State Bar General Counsel's Office.

   > **RESPONSE:** Kuffner objects to this request to the extent it calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense. Subject to, but without waiving these objections, Kuffner states that all relevant communications with the Alabama State Bar were oral, so no documents exist.

2. All Drafts of the release to resolve the Cassandra Renee Nichols litigation provided to Wallace Davis and/or Barbara Davis, and/or Deanna Ferguson by Chris Kuffner or David Block from January 1, 2014 to May 31, 2014.

   > **RESPONSE:** Kuffner objects to this request because it calls for the disclosure of documents that are protected by attorney-client privilege and/or work product doctrine.

3. All correspondence including emails referencing Cassandra Renee Nichols from January 1, 2014 to May 31, 2014.

**RESPONSE:** Kuffner objects to this request because it is overly broad in time and scope, unduly burdensome, calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense, and calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine. The only non-objectionable documents responsive to this request were sent to the Plaintiff or the Court and are already in the Plaintiff's possession.

4. All text messages referencing Cassandra Renee Nichols from January 1, 2014 to May 31, 2014.

**RESPONSE:** Kuffner objects to this request to the extent it calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense, and calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine.

5. All communications to and from Wilmer & Lee and/or any attorney at Wilmer & Lee referencing Cassandra Renee Nichols and/or Mike Weathers.

**RESPONSE:** Kuffner objects to this request because it is overly broad in time and scope, unduly burdensome, calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense, and calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine.

6. All billing records sent to Wallace Davis or any other person or entity associated with Volunteers of America, Southeast and/or Volunteers of America, North Alabama, Inc. from the months of January through May 2014.

**RESPONSE:** Kuffner objects to this request because it calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense, and calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine.

7. All communications with Wallace Davis conveying the settlement offer of February 3, 2014 from Mike Weathers to resolve the Nichols case.

**RESPONSE:** Kuffner objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine.

8. All communications wherein you placed your insurance carrier on notice of the claim brought by Mike Weathers.

**RESPONSE:** Kuffner objects to this request because it calls for the disclosure of documents protected by the work product doctrine. Subject to, but without waiving the foregoing objections, Kuffner states that no such documents exist.

9. All emails from Wallace Davis.

**RESPONSE:** Kuffner objects to this request because it is overly broad in time and scope, unduly burdensome, calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense, and calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine.

10. Emails from Wallace Davis and/or Deanna Ferguson forwarding the signed Nichols release to David Block and Chris Kuffner.

**RESPONSE:** Kuffner objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine.

11. All copies and drafts that led to the release of claims signed by Cassandra Renee Nichols, including any and all attachments and metadata.

**RESPONSE:** Kuffner objects to this request because it is vague, ambiguous and calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine.

12. All correspondence, electronic mail, text messages, documents and communications related to the preparation, drafting, editing and preservation of the release signed by Cassandra Renee Nichols (including all metadata).

**RESPONSE:** Kuffner objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine.

13. All correspondence, electronic mail, text messages, documents and communications related to the signed release by Cassandra Renee Nichols (including the metadata of each document).

**RESPONSE:** Kuffner objects to this request on grounds that it calls for the disclosure of documents protected by attorney-client privilege and the work product doctrine. Subject to, but without waiving the foregoing objections, Kuffner states that any non-objectionable documents that are responsive to

this request are in the possession of Maynard, Cooper & Gale, P.C., and not Kuffner.

14. All documents, materials, files, notes, emails and other communications (including, but not limited to documents making reference to any such communications, social media and metadata) between you and any third party regarding Cassandra Renee Nichols.

> **RESPONSE:** Kuffner objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine. In addition, the request is overly broad in time and scope, unduly burdensome, vague, ambiguous, and calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense in this lawsuit. Subject to, but without waiving the foregoing objections, Kuffner states that any non-objectionable documents responsive to this request are in the possession of Maynard, Cooper & Gale, P.C., and not Kuffner.

15. All documents to and/or from Cassandra Renee Nichols or her attorney from July 1, 2013 to present, including, but not limited to settlement negotiations and/or communications regarding employment compensation, Plaintiff Weathers, requests for references, unemployment representation, insurance, and/or any other communication and the metadata of each document.

> **RESPONSE:** Kuffner objects to this request because it is vague, overly broad in time and scope, unduly burdensome, and calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense in this lawsuit. Subject to, but without waiving the foregoing objections, Kuffner states that any non-objectionable documents that are responsive to this request are in the possession of Maynard, Cooper & Gale, P.C., and not Kuffner. Moreover, Kuffner states that there are no communications between he and Nichols other than what is transcribed in Nichols' deposition transcript and any court hearings during which a court reporter transcribed the hearing. In addition, any communications between Kuffner and Plaintiff that are responsive to this request are already in the possession of the Plaintiff, meaning this request is duplicative and that the Plaintiff can easily obtain any responsive document on his own.

Respectfully submitted this 6th day of June, 2019.

/s/ *Christopher S. Kuffner*
Christopher S. Kuffner


/s/ *James R. Bussian*
James R. Bussian


<u>Of Counsel</u>

Christopher S. Kuffner
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, Alabama 35801
ckuffner@maynardcooper.com
(256) 551-0171 (Telephone)

James R. Bussian
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
Suite 2400
Birmingham, Alabama 35203
jbussian@maynardcooper.com
(205) 254-1000 (Telephone)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of June, 2019, a copy of the above and foregoing has been served upon each of the below listed counsel of record, by email and by placing same in the U. S. Mail, postage prepaid and properly addressed:

Richard J.R. Raleigh, Jr., Esq.
Christopher L. Lockwood, Esq.
Wilmer & Lee, P.A.
100 Washington Street
Suite 200
Huntsville, Alabama 35801
rraleigh@wilmerlee.com
clockwood@wilmerlee.com

Alicia Kay Haynes, Esq.
Charles E. Guerrier, Esq.
Kenneth D. Haynes, Esq.
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
akhaynes@haynes-haynes.com
ceguerrier@haynes-haynes.com
kdhaynes@haynes-haynes.com

Farahbin Majid, Esq.
Michael Lee Forton, Esq.
Legal Services of Alabama
1115-F Church Street
Huntsville, Alabama 35801
fmajid@alsp.org
mforton@alsp.org

/s/ *Christopher S. Kuffner*
Of counsel

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL L. WEATHERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | |
| | ) | **3:16-cv-00284-MHH** |
| **VOLUNTEERS OF AMERICA, NORTH** | ) | |
| **ALABAMA, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DAVID BLOCK'S OBJECTIONS TO SUBPOENA

Non-Party David Block ("Block") objects to Plaintiff Michael L. Weather's subpoena in accordance with Rule 45(d)(2)(B) of the *Federal Rules of Civil Procedure* as follows:

### OBJECTIONS TO THE DOCUMENT REQUESTS
### CONTAINED IN EXHIBIT A OF THE SUBPOENA

1. All communications to and from the Alabama State Bar referencing Mike Weathers, Cassandra Renee Nichols, Alicia Haynes, Kenneth Haynes, and/or Charles Guerrier, including all opinions from the Alabama State Bar General Counsel's Office.

   **RESPONSE:** Block objects to this request to the extent it calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense. Subject to, but without waiving these objections, Block states that all relevant communications with the Alabama State Bar were oral, so no documents exist.

2. All Drafts of the release to resolve the Cassandra Renee Nichols litigation provided to Wallace Davis and/or Barbara Davis, and/or Deanna Ferguson by Chris Block or David Block from January 1, 2014 to May 31, 2014.

   **RESPONSE:** Block objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and/or work product doctrine.

3. All correspondence including emails referencing Cassandra Renee Nichols from January 1, 2014 to May 31, 2014.

> **RESPONSE:** Block objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine, and because it is overly broad in time and scope, unduly burdensome, calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense in this lawsuit.

4. All text messages referencing Cassandra Renee Nichols from January 1, 2014 to May 31, 2014.

> **RESPONSE:** Block objects to this request to the extent it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine and calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense in this lawsuit.

5. All communications to and from Wilmer & Lee and/or any attorney at Wilmer & Lee referencing Cassandra Renee Nichols and/or Mike Weathers.

> **RESPONSE:** Block objects to this request because it is calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine. In addition, Block objects because the request is overly broad in time and scope, unduly burdensome and calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense in this lawsuit.

6. All billing records sent to Wallace Davis or any other person or entity associated with Volunteers of America, Southeast and/or Volunteers of America, North Alabama, Inc. from the months of January through May 2014.

> **RESPONSE:** Block objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine and calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense in this lawsuit.

7. All communications with Wallace Davis conveying the settlement offer of February 3, 2014 from Mike Weathers to resolve the Nichols case.

2

**RESPONSE:** Block objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine.

8.  All communications wherein you placed your insurance carrier on notice of the claim brought by Mike Weathers.

**RESPONSE:** Block objects to this request because it calls for the disclosure of documents protected by the work product doctrine. Subject to, but without waiving the foregoing objections, Block states that no such documents exist.

9.  All emails from Wallace Davis.

**RESPONSE:** Block objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine. Block also objects because it is overly broad in time and scope, unduly burdensome, calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense in this lawsuit.

10. Emails from Wallace Davis and/or Deanna Ferguson forwarding the signed Nichols release to David Block and Chris Block.

**RESPONSE:** Block objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine.

11. All copies and drafts that led to the release of claims signed by Cassandra Renee Nichols, including any and all attachments and metadata.

**RESPONSE:** Block objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine and because it is vague and ambiguous.

12. All correspondence, electronic mail, text messages, documents and communications related to the preparation, drafting, editing and preservation of the release signed by Cassandra Renee Nichols (including all metadata).

3

> **RESPONSE:** Block objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine.

13. All correspondence, electronic mail, text messages, documents and communications related to the <u>signed</u> release by Cassandra Renee Nichols (including the metadata of each document).

> **RESPONSE:** Block objects to this request on grounds that it calls for the disclosure of documents protected by attorney-client privilege and the work product doctrine. Subject to, but without waiving the foregoing objections, Block states that any non-objectionable documents that are responsive to this request are in the possession of Maynard, Cooper & Gale, P.C., and not Block.

14. All documents, materials, files, notes, emails and other communications (including, but not limited to documents making reference to any such communications, social media and metadata) between you and any third party regarding Cassandra Renee Nichols.

> **RESPONSE:** Block objects to this request because it calls for the disclosure of documents protected by the attorney-client privilege and the work product doctrine. In addition, the request is overly broad in time and scope, unduly burdensome, vague, ambiguous, and calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense in this lawsuit. Subject to, but without waiving the foregoing objections, Block states that any non-objectionable documents responsive to this request are in the possession of Maynard, Cooper & Gale, P.C., and not Block.

15. All documents to and/or from Cassandra Renee Nichols or her attorney from July 1, 2013 to present, including, but not limited to settlement negotiations and/or communications regarding employment compensation, Plaintiff Weathers, requests for references, unemployment representation, insurance, and/or any other communication and the metadata of each document.

> **RESPONSE:** Block objects to this request because it is vague, overly broad in time and scope, unduly burdensome, and calls for the disclosure of documents and/or information that are not relevant to any party's claim or defense in this lawsuit. Subject to, but without waiving the foregoing objections, Block states that any non-objectionable documents that are responsive to this request are in the possession of Maynard, Cooper & Gale,

4

P.C., and not Block. Moreover, Block states that there are no communications between he and Nichols other than what is transcribed in Nichols' deposition transcript and any court hearings during which a court reporter transcribed the hearing. In addition, any communications between Block and Plaintiff that are responsive to this request are already in the possession of the Plaintiff, meaning this request is duplicative and that the Plaintiff can easily obtain any responsive document on his own.

Respectfully submitted this 6th day of June, 2019.

/s/ *David B. Block*
David B. Block

/s/ *James R. Bussian*
James R. Bussian

Of Counsel

David B. Block
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street, S.W.
Huntsville, Alabama 35801
dblock@maynardcooper.com
(256) 551-0171 (Telephone)

James R. Bussian
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400
Birmingham, Alabama 35203
jbussian@maynardcooper.com
(205) 254-1000 (Telephone)

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2019, a copy of the above and foregoing has been served upon each of the below listed counsel of record, by email and by placing same in the U. S. Mail, postage prepaid and properly addressed:

Richard J.R. Raleigh, Jr., Esq.
Christopher L. Lockwood, Esq.
Wilmer & Lee, P.A.
100 Washington Street
Suite 200
Huntsville, Alabama 35801
rraleigh@wilmerlee.com
clockwood@wilmerlee.com

Alicia Kay Haynes, Esq.
Charles E. Guerrier, Esq.
Kenneth D. Haynes, Esq.
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
akhaynes@haynes-haynes.com
ceguerrier@haynes-haynes.com
kdhaynes@haynes-haynes.com

Farahbin Majid, Esq.
Michael Lee Forton, Esq.
Legal Services of Alabama
1115-F Church Street
Huntsville, Alabama 35801
fmajid@alsp.org
mforton@alsp.org

/s/ *David B. Block*

Of counsel

6